# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00722-CV

**South Houston Taverns, Inc., Appellant**

**v.**

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas; and
Ken Paxton, Attorney General of the State of Texas, Appellees**

**FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-17-005814, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant South Houston Taverns, Inc. filed suit in district court to protest certain taxes assessed against it by Glenn Hegar, Comptroller of Public Accounts of the State of Texas. *See* Tex. Tax Code § 112.052 ("Taxpayer Suit After Payment Under Protest"). In response, Hegar and Ken Paxton, Attorney General of the State of Texas, (collectively, the "State Appellees") filed a plea to the jurisdiction asserting that the tax-protest suit is barred by immunity due to South Houston Taverns's failure to comply with the Tax Code's requirement to pay the full amount of the protested tax assessment before filing suit. *See id.* § 112.051(a) ("Protest Payment Required"). After the district court granted the plea, South Houston Taverns filed a notice of appeal to this Court.

Because the issues to be resolved substantially overlapped with a case then pending before the Texas Supreme Court, namely, *EBS Solutions, Inc. v. Hegar*, 601 S.W.3d 744

(Tex. 2020), the parties filed, and this Court granted, an agreed motion to abate the appeal. *See South Houston Taverns, Inc. v. Hegar*, No. 03-18-00722-CV, 2019 WL 287989, at \*2 (Tex. App.—Austin Jan. 23, 2019, no pet.) (per curiam) (mem. op.) (abatement). After the parties notified us that the supreme court had issued a decision in that case, we lifted the abatement and reinstated the appeal. South Houston Taverns then filed its appellant's brief. In its brief, South Houston Taverns asserts that based on the supreme court's decision in *EBS Solutions* upholding the validity of Section 112.108 of the Tax Code, the trial court erred in dismissing its suit. *See* Tex. Tax Code § 112.108 (permitting court to excuse party who files "an oath of inability to pay the tax, penalties, and interest due" from "the requirement of prepayment of tax" if after notice and hearing, court "finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts").

In response, the State Appellees have filed an agreed motion to reverse and remand. In their agreed motion, the State Appellees assert that "[t]he lower court's judgment of dismissal for lack of jurisdiction was based on this Court's now reversed precedent voiding Tax Code section 112.108 as unconstitutional." *See e.g.*, *Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849 (Tex. App.—Austin 2018) *rev'd*, 601 S.W.3d 744 (Tex. 2020); *see also Texley Inc. v. Hegar*, ___ S.W.3d ___, ___, No. 03-18-00397-CV, 2020 WL 6220815, at \*3-4 (Tex. App.—Austin Oct. 23, 2020, no pet. h.) (remanding for reconsideration of plea to the jurisdiction under *EBS Solutions*). "The parties now agree that, under *EBS Solutions*, the trial court has jurisdiction to consider Appellant's oath of inability to pay under Tax Code Section 112.108. If the trial court finds that prepayment of the assessment at issue would constitute an unreasonable restraint on [South Houston Taverns's] right of access to the courts, its claims for relief under Tax Code chapter 112 can proceed absent meeting the prepayment requirement."

2

Upon review of the record, we agree that in light of the Texas Supreme Court's recent decision in *EBS Solutions, Inc. v. Hegar*, 601 S.W.3d 744 (Tex. 2020), the trial court erred in dismissing for lack of jurisdiction Appellant's suit. Accordingly, we grant the State Appellees' agreed motion, reverse the trial court's order, and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d).

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Baker and Kelly

Reversed and Remanded

Filed:   December 9, 2020